# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHAPELL INDUSTRIES, INC., et al.,<br><br>　　　　Defendants. | Case No.  13-cv-05115-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS WITH LEAVE TO AMEND**<br><br>[Re: ECF 22] |

　　　　This action concerns a dispute over which party to an insurance policy—the insurer or an additional insured—has the right to control legal defense covered by the policy when other insurers also defend the additional insured. Plaintiff insurer St. Paul Mercury Insurance Company ("Plaintiff") seeks a declaration that it has the right to control the defense and further claims that additional insured defendants Shapell Industries, Inc. and Eagle Ridge Development Company, LLC (collectively, "Defendants") breached a duty to cooperate with Plaintiff in regard to legal defense covered by the underlying policy. *See* Third Amended Complaint ("TAC"), ECF 17. Defendants, in turn, assert counterclaims against Plaintiff for breach of contract, tortious breach of the implied covenant of good faith and fair dealing ("bad faith"), and seek a declaration that Plaintiff is required to participate in the Joint Defense Agreement of Defendants' other insurers. *See* Answer 17-39 ("Counterclaims"), ECF 20.

　　　　Before the Court is Plaintiff's Motion to Dismiss Counterclaims. Pl.'s Mot., ECF 22. On September 18, 2014, the Court heard oral argument on Plaintiff's motion. Having carefully considered the parties' respective written submissions and the oral argument of counsel, for the reasons stated herein, the Court GRANTS Plaintiff's Motion to Dismiss with leave to amend.

## I. BACKGROUND

Plaintiff is the issuer of several commercial liability policies under which Perma Green Hydroseeding, Inc. is a named insured ("Perma Green Policies") and Defendants are additional insured parties.[1] TAC ¶¶ 7, 12.[2] Plaintiff alleges that the Perma Green Policies grant Plaintiff the right to retain counsel of its own choosing to represent the insured, and that any insured is required to cooperate with Plaintiff's efforts to investigate, settle, or defend the claim. *Id.* ¶¶ 8-9.

The present dispute stems from a January 9, 2012 lawsuit against Defendants filed by homeowners in the Eagle Ridge development of Gilroy, California, alleging a variety of construction defects ("the *Belyeu* Action"). *Id.* ¶ 11. Defendants gave notice of the lawsuit to multiple insurers pursuant to multiple policies under which Defendants claimed they were additional insured. Counterclaims ¶ 15. Plaintiff was among these insurers, as Defendants qualified as an "additional insured" under the Perma Green Policies. *Id.* In response to Defendants' notice of the underlying action, several insurers, including Plaintiff, agreed to defend Defendants in the *Belyeu* Action. *Id.* ¶¶ 16-17. Some of the other insurers that agreed to participate in Defendants' defense did so via a Joint Defense Agreement whereby they jointly agreed that the defense would be provided through the law firm Lorber, Greenfield & Polito LLP. *Id.* Although Plaintiff agreed to defend Defendants, it refused to agree to the Joint Defense Agreement and the appointment of the Lorber, Greenfield firm. *Id.* ¶ 18. Plaintiff instead insisted on appointing defense counsel of its choice. *Id.* ¶ 33. Plaintiff subsequently filed the instant action, seeking a declaration that it has the contractual right to control Defendants' defense of the *Belyeu Action*. *See* TAC ¶ 17.

Defendants allege that in situations where multiple insurers have agreed to defend a single insured, "it is common in the industry" for the defense of the insured to be handled by one defense counsel. Counterclaims ¶ 23. Defendants also allege that Plaintiff knew that the Perma Green Policies would cover additional insureds involved in commercial real estate development and was

---

[1] At present, the parties do not appear to dispute whether Defendants are covered by the Perma Green Policies.
[2] The Court references Plaintiff's allegations in the TAC only to the extent they are undisputed and supply factual context for the motion presently before the Court.

2

aware that such additional insureds would potentially be defended by other insurers. *Id.* ¶¶ 26-27. Given this understanding and Plaintiff's sophistication, Plaintiff allegedly expected that "if a lawsuit were tendered to it by an Additional Insured that was also being defended by other insurers, [Plaintiff's] insured would expect and require it to participate in the defense of its Additional Insured . . . by jointly defending its Additional Insured against potentially covered claims with other insurers." *Id.* ¶ 28. Defendants further allege that Plaintiff accepted defense of the *Belyeu* Action "under a reservation of rights and has certain interests in that action" that are adverse to Defendants' interests, thereby triggering Defendants' right to the appointment of independent counsel pursuant to California law and California Civil Code § 2860. Plaintiff, to date, contends that Defendants do not have a right to independent counsel and that Plaintiff has the superior right to appoint counsel and control legal defense of the *Belyeu* Action. *Id.* ¶¶ 38, 40.

Based on these allegations, Defendants counterclaim for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and a declaration that Plaintiff is required to defend Defendants through participation in the Joint Defense Agreement. Plaintiff challenges only the sufficiency of Defendants' breach of contract and bad faith counterclaims. *See* Pl.'s Mot.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a party's claims. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). This standard applies equally to counterclaims asserted by a defendant. *See* Fed. R. Civ. P. 8(a); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

To survive a motion to dismiss, a counterclaimant must plead sufficient "factual matter, accepted as true" to "allow[] the court to draw the reasonable inference that the [counter-]defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The emphasis is on *factual* pleadings, as a pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do. *Id.* (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

1  555, 557 (2007)).  In assessing the sufficiency of the pleadings, the Court "accept[s] *factual*

2  allegations in the [pleading] as true and construe[s] the pleadings in the light most favorable to the

3  non-moving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

4  2008) (emphasis added).  However, the court is not required to accept as true allegations that are

5  "unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536

6  F.3d 1049, 1055 (9th Cir. 2008).

7       If a motion to dismiss is granted, a court should normally grant leave to amend, "even if no

8  request to amend the pleading was made," unless amendment would be futile.  *Lopez v. Smith*, 203

9  F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotations omitted).

10  **III.**    **DISCUSSION**

11       Defendants' breach of contract and bad faith claims are based on several different theories

12  of Plaintiff's alleged breach of a duty to defend.  *See Tradewinds Escrow, Inc. v. Truck Ins. Exch.*,

13  97 Cal. App. 4th 704, 712 (2002) ("An insurer's breach of the duty to defend is actionable as

14  breach of contract; where the refusal to defend is unreasonable, it is actionable as a tort."  (citing

15  *Amato v. Mercury Casualty Co.*, 53 Cal. App. 4th 825, 837 (1997))).  Specifically, Defendants

16  assert that Plaintiff breached its duty to defend by offering a "hollow" defense with conflicted

17  counsel, refusing to acknowledge Defendants' right to independent counsel pursuant to California

18  law and California Civil Code § 2860 and, ultimately, refusing to take part in Defendants' Joint

19  Defense Agreement.  Def.'s Opp. 5-7, ECF 42.

20       Plaintiff seeks to dismiss Defendants' counterclaims on the ground that the facts alleged,

21  even if taken as true, are not sufficient to indicate that Plaintiff breached a duty to defend.  *See*

22  Pl.'s Mot.  Specifically, Plaintiff contends that the allegations in Defendants' counterclaims

23  establish that Plaintiff satisfied its duty under the Perma Green Policies by offering Defendants a

24  "full and complete defense," and that Plaintiff did not breach any obligation to provide

25  independent counsel because Defendants are not entitled to such counsel.  *Id.* at 3-6; Pl.'s Reply 4-

26  7, ECF 43.  Plaintiff also argues that Defendants failed to allege that they were damaged by

27  Plaintiff's conduct—an essential element of a breach of contract claim.  Pl.'s Mot. 6-8.  Finally,

28  because a "bad faith" claim requires an underlying breach of contract as well as damages, Plaintiff

contends that Defendants also cannot maintain that claim. *Id.* at 4-5, 7. The Court addresses each of these arguments in turn.

### A.  Breach of Contract

#### i.  Breach of Contractual Obligations

As an initial matter, the Court notes that neither party has provided the Court with a copy of the Perma Green Policies. Typically, the Court could consider the policies on a Rule 12(b)(6) motion, even if supplied by the moving party, as they are "incorporated by reference" into the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, however, the policy is not before the Court.

Plaintiff asserts that to state a claim for breach of contract, Defendants would have to allege facts showing that Plaintiff refused to provide a full and complete defense, thereby breaching its duty owed under the Perma Green Policies. As Defendants concede that Plaintiff did indeed offer to defend them, Plaintiff argues that it discharged its contractual duties and Defendants cannot therefore establish a claim for breach of contract. Pl.'s Mot. 5.

Defendants do not point to any contractual provision that Plaintiff allegedly breached. Rather, Defendants argue that Plaintiff's insistence on retaining complete control of the insurance defense in the face of other insurance policies covering Defendants with similar or identical control provisions places Defendants in the untenable position of having to "decide which master to serve." *Id.* at 9. Defendants also argue that Plaintiff failed to "consider [Defendants'] interests equally with its own" in insisting on its own counsel over Defendants' requested joint defense counsel. Def.'s Opp. 8. Defendants allegations further indicate that given Plaintiff's sophistication and awareness of the potential coverage of the Perma Green Policies, they believe Plaintiff's primary insured would have expected Plaintiff to participate in Defendants' defense by accepting a joint defense arrangement. Counterclaims ¶ 28.

Defendants' arguments are unavailing because they do not identify any provision in the Perma Green Policies requiring Plaintiff to undertake Defendants' defense in the *manner* that Defendants believe Plaintiff should have. Pl.'s Mot. 6. Moreover, Defendants do not outright contest Plaintiff's assertion that the Perma Green Policies confer absolute control over covered

5

legal defense to Plaintiff.[3] Defendants instead rely on theories of Plaintiff's breach that are divorced from the text of the Perma Green Policies and are instead largely based on public policy and efficiency concerns. That is insufficient to state a claim that Plaintiff breached a contractual duty to defend, particularly where Defendants have not identified any provision of the applicable policies that requires Plaintiff discharge its duty to defend in a certain manner. Moreover, although the solution that Defendants have devised for their defense may be the most reasonable and efficient, that is not an appropriate reason to override an express contractual provision granting Plaintiff control of the covered defense. Such considerations must be left to the bargaining table where the parties may negotiate the terms of the contract and the concomitant fees appropriate for such an agreement. Defendants' assertion that the Court can void the express terms of an insurance policy for what Defendants deem to be overarching public policy considerations flies in the face of settled contract law.

At bottom, the scope and substance of an insurer's duty to defend is a matter of contract interpretation. *Pardee Const. Co. v. Ins. Co. of the W.*, 77 Cal. App. 4th 1340, 1351 (2000), *as modified on denial of reh'g* (Feb. 23, 2000). The interpretation of insurance policies, as with all contracts, is "premised on the primary goal of giving effect to the mutual intention of the parties at the time the contract is formed. That intent is to be inferred, if possible, solely from the written provisions of the contract." *Id.* at 1352. Without a copy of the disputed policy, or even the disputed language at issue, the Court cannot conclude that Defendants' allegations in the Answer state a legally cognizable counterclaim for breach of contract.[4]

### ii.    Breach of Obligation to Provide Independent Counsel

Defendants' alternative theory of breach of contract asserts that Plaintiff failed to provide Defendants with independent counsel required by California law or California Civil Code § 2860. *See* Def.'s Opp. 6. When there is a conflict of interest between the insurer and the insured with

---

[3] At the September 18, 2014 hearing, Defendants confirmed that their entitlement to coverage and Plaintiff's offer of coverage are not contested. Rather, Defendants take issue with the *manner* of Plaintiff's performance.

[4] The Court notes that Defendants acknowledge Plaintiff's failure to attach the policies to its TAC yet fail to attach the policies to its own pleadings. *See, e.g.*, Answer ¶ 20.

respect to policy coverage, Califorrna Civil Code § 2860(a) affords the insured a right to select its own counsel (commonly called "independent counsel" or "*Cumis* counsel"). *See* Cal. Civ. Code § 2860(a); *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 162 Cal. App. 3d 358, 375 (1984). "[W]hen an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist." Cal. Civ. Code § 2860(b).

Plaintiff argues that Defendants' allegations have not established that a true conflict of interest exists so as to entitle Defendants to independent counsel. Pl.'s Reply 5-7. While Plaintiff is correct that a conflict of interest does not arise every time the insurer provides coverage subject to a reservation of rights, "[t]he potential for conflict requires a careful analysis of the parties' respective interests to determine whether they can be reconciled (such as by a defense based on total nonliability) or whether an actual conflict of interest precludes insurer-appointed defense counsel from presenting a quality defense for the insured." *Dynamic Concepts, Inc. v. Truck Ins. Exch.*, 61 Cal. App. 4th 999, 1007-08 (Mar. 27, 1998). Defendants' present allegations concerning the conflict of interest triggering entitlement to independent counsel are sparse, but the Court cannot presently determine that amendment would be futile. Nor will the Court foreclose the possibility that there may be a conflict of interest triggering entitlement to independent counsel when one insurer insists that it has a superior right to control legal defense over an insured's other insurers, who all have similar control provisions in their policies.

Accordingly, Plaintiff's Motion to Dismiss is GRANTED with respect to Defendants' breach of contract claim. Because Defendants indicated at the motion hearing that there are provisions in the Perma Green Policies indicating that Plaintiff does not have an absolute right to control covered defense, they shall have leave to amend in order to allege a plausible theory that Plaintiff is contractually required to provide coverage in the manner that Defendants request. Defendants shall also have leave to amend as to the theory that Plaintiff wrongfully denied Defendants independent counsel to which they are entitled. Defendants may not amend to assert a theory of breach based solely on the argument that public policy overrules or voids the express provisions of the Perma Green Policies.

### B.  Damages Allegations

"A breach of contract is not actionable without damage[s]." *Bramalea California, Inc. v. Reliable Interiors, Inc.,* 119 Cal. App. 4th 468, 473 (2004).  Plaintiff contends that because Defendants have received a complete defense from other insurers Defendants have not incurred damages and cannot accordingly maintain a claim for breach of contract.  Pl.'s Mot. 7.  Defendants dispute Plaintiff's assertion, noting that "[Defendants have] not received a full defense from the other insurers in the underlying action" and that Defendants "did not allege in its Counterclaims that i[t] did." Def.'s Opp. 12.  Moreover, Defendants indicate that they can allege fees and costs paid to joint defense counsel that should have been paid by Plaintiff.  *Id.*

It is sufficient for this Court that nothing in Defendants' pleadings states that they have received a "complete defense," and portions of the counterclaim allegations imply that they have incurred damages stemming from Plaintiff's refusal to be part of the joint defense.  *See, e.g.*, Counterclaim ¶ 6.  As Defendants shall have leave to amend their breach of contract claim, Defendants shall also have leave to amend to more fulsomely allege their damages.

### C.  Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing

As already noted, a breach of the duty to defend can be actionable in tort if the refusal to defend is unreasonable or without proper cause.  *See Tradewinds*, 97 Cal. App. 4th at 712; *see also Love, et al. v. Fire Ins. Exchange,* 221 Cal. App. 3d 1136, 1151 (1990).  As discussed above, Defendants have not plausibly alleged a breach of the duty to defend.  Accordingly, Plaintiff's Motion to Dismiss is GRANTED, with leave to amend, as to Defendants' bad faith claim.

## IV.  ORDER

For the foregoing reasons, Plaintiff's Motion to Dismiss Counterclaims is GRANTED with leave to amend only as to the claims and theories addressed in this order.  Defendants shall file an amended answer and counterclaims within **twenty-one (21) days** of the date of this order.

**IT IS SO ORDERED.**

Dated: September 19, 2014

_____
BETH LABSON FREEMAN
United States District Judge